516

No. 22672.

DUANE V. LARSON *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(448 P.2d 614)

Decided December 23, 1968.

ALEX STEPHEN KELLER, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,

Deputy, James F. Pamp, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Moore.

The above named plaintiff in error, hereinafter referred to as defendant, was acquitted of the offense of blackmail as defined by C.R.S. 1963, 40-12-1, but was convicted of having entered into a conspiracy to commit the crime of blackmail as thus defined. He was jointly charged with one Bruce J. Holway but the instant action was tried as to Larson alone. The statute defining the crime involved in this case reads as follows:

"Blackmail — Penalty. If any person shall knowingly send or deliver any letter or writing, threatening to accuse another of a crime or misdemeanor, or to expose or publish any of his infirmities or failings, or to kidnap any person, with intent to extort money, goods, chattels or other valuable things, or threatening to maim, wound, kill or murder, or to burn his house or other property, such person so offending on conviction shall be sentenced to the penitentiary for a term not exceeding twenty years."

The undisputed evidence established that the victim of the alleged blackmail was a married woman; that she was engaged in a business activity involving prepaid funeral benefits; that she had employed a man by the name of "Scotti" who went to the state of Texas in connection with this employment; and that while he was in Texas she wrote him an amorous letter which thereafter inadvertently came into the possession of Holway.

It is disclosed by the evidence that a person other than the defendant demanded money from the "victim" of the alleged blackmail and threatened to use the letter to her embarrassment if she refused to comply with the

demands. It is clear that the only "letter or writing" used by any person as a means of extorting money was the letter written by the victim herself. It contained no threat of any kind against any person.

Among the assignments of error relied on by counsel for defendant for reversal of the judgment, it is argued that the court erred in denying his motion for dismissal at the close of the people's case; that the verdicts returned by the jury are inconsistent in that the defendant under the evidence could not be convicted of conspiracy following the verdict of not guilty on the substantive charge. These assignments were fully set forth in the motion for a new trial.

■■■ The judgment of the trial court was erroneous for at least two reasons. There was no competent evidence whatever connecting the defendant with any participation in the extortion of money from the woman who wrote the letter to Scotti. She disclaimed any knowledge whatever of any participation by the defendant in the events following the writing of the letter by her. The only relationship established between Scotti and the defendant was that they were interested as lobbyists in presenting to the legislature their views concerning pending legislation dealing with prepaid burial benefits. Scotti as a former employee of the company for whom the defendant worked carried in a briefcase numerous documents and papers dealing with this lobbyist activity. The letter from the victim to Scotti appeared on the desk of the defendant among other papers dealing with the lobbying activity. Holway took this letter from the desk of defendant without any knowledge whatever on the part of defendant concerning the purpose for which he intended to use it. In no way whatever did any evidence show that the defendant conspired with Holway or with any other person to violate the statute.

· ■■■ Moreover, the "letter or writing" which was used in this case on its face did not contain any threat

of any kind and it could not be the basis of the offense of felony blackmail as defined by the statute hereinabove quoted. The argument that an oral threat made in connection with a written instrument is sufficient to supply the essentials of a felony blackmail cannot be sustained. We hold that before one can be convicted of this offense he must "send or deliver" a "letter or writing" which in itself contains the threats prohibited by the statute.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. JUSTICE PRINGLE and MR. JUSTICE GROVES concur.